IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDITE S. PERDIGAO, | : |
|                         Plaintiff | :   CIVIL ACTION |
| v. | :   NO. 06-5678 |
| MICHAEL J. ASTRUE[1], COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
|                         Defendant | : |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

    Plaintiff, Judite S. Perdigao ("Plaintiff"), brings this action under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) by reference, to review the final decision of the Commissioner of Social Security ("Defendant"), denying her claim for disability insurance benefits ("DIB") provided under Title II of the Social Security Act ("the Act"). 42 U.S.C. §§ 401-433. Subject matter jurisdiction is based upon section 205(g) of the Act. 42 U.S.C. § 405(g). Presently before this Court is Plaintiff's Motion to Reverse or Remand the Decision of the Commissioner of the Social Security Administration.[2] For the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration and, therefore, he should be automatically substituted as the Defendant in this action. See Fed. R. Civ. P. 25(d)(1).

[2] Pursuant to the January 3, 2007, Procedural Order in this case, Plaintiff was to file a "Brief and Statement of Issues in Support of Request for Review." We construe Plaintiff's Motion to Reverse or Remand and

reasons that follow, it is recommended that Plaintiff's Motion be granted and the matter should be remanded for further proceedings.

I.      **PROCEDURAL HISTORY**

Plaintiff protectively filed an application for DIB on October 29, 2004, alleging disability since July 29, 2004, due to depression and anxiety.  (R. 15, 45-51, 87-92.)  Plaintiff's claim for disability benefits was denied at the initial review level, and Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ").  (R. 25-28, 29-30.)  A hearing was held on January 9, 2006, at which Plaintiff, who was represented by a non-attorney advocate, appeared and testified.  (R. 210-229.)  An impartial vocational expert ("VE"), Dennis Mohn, also appeared and testified at the administrative hearing.  (R. 229-234.)

Having considered evidence of Plaintiff's impairments, the ALJ issued an unfavorable decision on January 21, 2006, in which he found that Plaintiff had the residual functional capacity ("RFC") to perform "medium-exertion simple, unskilled repetitive work with limited contact with the public." (R. 18-19, Finding No. 5).  The ALJ also found that there are jobs that exist in significant numbers in the national economy that Plaintiff is

---

supporting Memorandum to be said Brief and Statement of Issues in Support of her Request for Review.

capable of performing.  (R. 20, Finding No. 9.)  As such, the ALJ concluded that Plaintiff was not "under a 'disability,' as defined in the Social Security Act, from July 29, 2004, through the date of [the ALJ's decision]."  (R. 20-21, Finding No. 11.)

Plaintiff requested review of the ALJ's decision, and on April 13, 2006, through her advocate, submitted additional records to the Appeals Council for review.  (R. 196-209.)  These additional records contained a Medical Source Statement of Ability to Do Work-Related Activities (Mental) and an additional treatment note from Plaintiff's treating therapist dated January 16, 2006, as well as additional notes and reports of Dr. Ponamgi, Plaintiff's family doctor.  (R. 198-209.)  Plaintiff's request for review was denied by the Appeals Council on May 26, 2006.  (R. 4-6.)  Thus, the ALJ's decision of January 21, 2006, became the final decision of the agency.

Plaintiff filed this civil action seeking judicial review of the Commissioner's decision that she is capable of performing work that exists in significant numbers in the national economy.  Plaintiff then filed a Motion to Reverse or Remand the Decision of the Commissioner of the Social Security Administration and a Memorandum of Law in support of her Motion on April 2, 2007.  The matter was referred to this Magistrate Judge for preparation of a report and recommendation on May 4, 2007.

**II.  FACTS**

Plaintiff, born on April 27, 1958, was forty-six years old on the alleged disability onset date, and was forty-seven years old at the time of the ALJ's decision. (R. 45, 52, 214.) Plaintiff has a high school education, is able to communicate in English and has had training as a medical secretary. (R. 19, 91, 216.) Plaintiff alleges disability as of July 29, 2004, as a result of depression and anxiety. (R. 15, 45.)

In addition to reviewing the transcript of the administrative hearing, this Court has independently and thoroughly examined the medical records and all disability reports. We will not further burden the record with a detailed recitation of the facts. Rather, we incorporate the relevant facts in our discussion below.

### III. **LEGAL STANDARD**

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision. Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence. 42 U.S.C. § 405(g).

"Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision. Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting, Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229

(1938).  See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113 S.Ct. 1294 (1993).  The ALJ must consider all relevant evidence in the record and provide some indication of the evidence he rejected and why he rejected it.  See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981).  When determining whether the ALJ's decision is supported by substantial evidence, the Court may look to any evidence in the record, regardless of whether the ALJ cites to it in his decision.  Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Eposito v. Apfel, 66 Soc.Sec.Rep.Ser. 217, 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000).  Thus, the issue before this Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

   Moreover, apart from the substantial evidence inquiry, a reviewing court must also ensure that the ALJ applied the proper legal standards in evaluating a claim of disability.  Coria v. Heckler, 750 F.2d 245 (3d Cir. 1984).

   To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents [her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period."  42 U.S.C. § 423(d)(1).  Each case is evaluated by the Commissioner according to a five-step process:

> The sequence is essentially as follows: (1) if the claimant is currently engaged in substantial gainful employment, she will be found not disabled; (2) if the claimant does not suffer from a "severe impairment," she will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the severe impairment does not meet prong (3), the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether she can perform work she has done in the past despite the severe impairment - if she can, she will be found not disabled; and (5) if the claimant cannot perform her past work, the Commissioner will consider the claimant's RFC, age, education, and past work experience to determine whether she can perform other work which exists in the national economy. See id. § 404.1520(b)-(f).

Schaudeck v. Comm'r of Social Sec. Admin., 181 F.3d 429, 431-32 (3d Cir. 1999).

## V. **ALJ DECISION AND PLAINTIFF'S MOTION TO REVERSE OR REMAND**

Plaintiff's alleged disability involves depression and anxiety. (R. 15.) The ALJ, however, proceeded through the sequential evaluation process and determined that Plaintiff was not disabled as a result of her impairments.[3]

---

[3] The ALJ proceeded through all of the steps, finding that: (1) Plaintiff has not engaged in substantial gainful activity since July 29, 2004; (2) Plaintiff has the following severe impairments: major depressive disorder and generalized anxiety disorder; (3) Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR 404, Subpart P, Appendix 1, Regulations No. 4; (4) Plaintiff has the residual functional capacity to perform medium-exertion simple unskilled, repetitive work with limited contact with the public. (R. 17-19, Finding Nos. 2-5.) The ALJ concluded that although Plaintiff was unable to perform any of her past relevant work, she was capable of making a

In her Motion to Reverse or Remand and Memorandum of Law in support, Plaintiff presents the following arguments: 1) the ALJ erred in failing to give the proper weight to the opinions of Plaintiff's treating doctors; 2) the ALJ erred in finding that Plaintiff's testimony and allegations were not credible; and 3) the ALJ erred by failing to elicit valid evidence from the VE.  (Pl. Br. 14-27.)  The issue before this Court, however, is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

Based on this Court's independent and thorough review of the record and for the reasons that follow, we find that the ALJ's decision fails to address certain fundamental pieces of evidence. Thus, the ALJ's decision cannot be said to be supported by substantial evidence.  We will, therefore, recommend that Plaintiff's Motion to Reverse or Remand be granted and this matter be remanded for further proceedings.

## VI. **DISCUSSION**

Plaintiff alleges several errors made by the ALJ in deciding

---

successful adjustment to other work that exists in significant numbers in the national economy based upon her age, education, work experience, and RFC.  (R. 19-20, Finding Nos. 6-10.)  Thus, the ALJ found Plaintiff was not under a disability from July 29, 2004, through the date of the ALJ's decision.  (R. 20-21, Finding No. 11.)

this matter.  After a thorough review of the entire record, we find that the ALJ failed to discuss the treatment notes of Dr. Mgint, Plaintiff's treating psychiatrist, and the GAF score that Dr. Mgint assigned to Plaintiff.  Therefore, although the ALJ's determination may indeed be supported by substantial evidence, the fact that the ALJ apparently failed to consider relevant evidence causes us to remand.

   Plaintiff contends that the ALJ erred by failing to afford proper weight to the opinions of Plaintiff's treating therapist, Sherri Landes, Ph.D.  (Pl. Br. at 14-21.)  When an ALJ makes a decision, the ALJ must consider all of the relevant evidence in the record.  Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984); Cotter v. Harris, 642 F. 2d 700, 705 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407, (3d Cir. 1979); Gober v. Mathews, 574 F.2d 772, 776 (3d Cir. 1978).  Furthermore, to guard against an abuse of discretion by the Commissioner, the ALJ is required to provide some indication of the evidence which was rejected in arriving at the decision and the reasons therefore, so that a reviewing court can determine whether probative evidence was properly credited or simply ignored.  See Cotter, at 705.  In this case, the ALJ claims to have reviewed all of the evidence of record.  (R. 16.)  Thus, this Court is able to review the ALJ's decision to determine whether or not the relevant medical evidence was properly credited.

Treating physician reports are to be given special significance. Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000). The Morales court stated, "[a] cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a period of time.'" Id. at 317 (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Rocco v. Heckler, 826 F.2d 1348, 1350 (3d Cir. 1987)). In addition, "a treating physician's report not only may be given more weight, it must be given controlling weight." 20 C.F.R. § 404.1527. Plaintiff specifically contends that great weight should have been given to the opinion of Plaintiff's treating therapist, Dr. Landes, her family doctor, as well as Dr. Ponamgi, and her treating psychiatrist, Dr. Mgint. (Pl. Br. at 14-21.)

Under the regulations, an ALJ may consider numerous factors in assessing the opinion of a medical source, including the evidence supporting the opinion, the consistency of the opinion with the record as a whole, and other relevant factors. See 20 C.F.R. § 404.1527(d). It is partially the function of this Court to determine whether or not the relevant medical evidence was properly credited, and all relevant factors that the ALJ may use to assess a medical source are also considered by this Court.

In considering the evidence submitted by Plaintiff's

treating therapist, the ALJ discussed Dr. Landes' March 3 and March 14, 2005, reports and Dr. Landes' handwritten treatment notes from September of 2004 to October of 2005.  (R. 18-19.) Further, the ALJ discussed the medical records of Plaintiff's family doctor, Dr. Ponamgi, in some detail.  (R. 19.)  The ALJ discounted Dr. Landes' reports and the notes of Dr. Ponamgi, Plaintiff's treaters, and instead found that Plaintiff had the RFC to perform medium-exertion work, limited to simple, unskilled, repetitive work with limited contact with the public. (R. 18-19.)  This RFC was based in part upon the opinion of the state agency reviewer, John Gavazzi, Psy.D.  (R. 18.)

However, a thorough review of the ALJ's decision shows that the ALJ did not discuss, and in fact made absolutely no mention of, the records of Dr. Mgint, Plaintiff's treating psychiatrist. The ALJ's decision states that he considered "the entire record" in making his determination that Plaintiff is not disabled.  (R. 17.)  However, despite his assertion that the entire record was reviewed, the ALJ's decision is devoid of any mention whatsoever of the opinions of Dr. Mgint.  This Court cannot determine from the decision before it whether the ALJ reviewed and completely discredited Dr. Mgint's records or whether the ALJ completely failed to take Dr. Mgint's records into consideration.

Dr. Mgint's records are particularly relevant in this case because they state that on September 14, 2005, Plaintiff had a

Global Assessment of Functioning ("GAF") score of 45-50.[4]  (R. 190.)  A GAF score in the range of 41-50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job).  American Psychiatric Association: <u>Diagnostic and Statistical Manual of Mental Disorders</u> (DSM-IV) at 32 (4th ed. 2000).  Dr. Mgint's finding of a GAF of 45-50 should have been discussed by the ALJ, as such a score is indicative of serious impairments in Plaintiff's ability to keep a job.[5]  However, the ALJ failed to discuss Dr. Mgint's records or Plaintiff's GAF scores at all in his decision.

We also must note that Dr. Mgint's records are virtually illegible.[6]  (R. 188-191.)  Where as here, the medical records are crucial to the plaintiff's claim, illegibility of important

---

[4] The Global Assessment of Functioning (GAF) Scale is used to rate an individual's overall psychological, social, and occupational functioning. American Psychiatric Association: <u>Diagnostic and Statistical Manual of Mental Disorders</u> (DSM-IV) at 32 (4th ed. 2000).  The GAF scale ranges from 0 to 100 and is divided into 10 ranges of functioning, requiring the examiner to pick a value that best reflects the individual's overall level of functioning using either symptom severity or functioning.  <u>Id.</u> at 30-32, 34.

[5] A review of the transcript in this matter lends further support to the need of the ALJ to discuss Dr. Mgint's notes, specifically Plaintiff's GAF score.  Notably, upon questioning from the ALJ, the VE testified that there is no job or occupation that would exist in the local, regional or national economy for an individual with symptoms severe enough to result in a sustained GAF score of 45-50.

[6] It was with no small amount of effort that we were able to determine that Dr. Mgint assigned Plaintiff a GAF of 45-50 due to the illegibility of his notes.

11

evidentiary material has been held to warrant a remand for clarification and supplementation.  See Machen v. Gardner, 319 F. Supp. 1243 (E.D. Tenn. 1968).  Illegible medical records provide a reviewing court with no way to determine whether the ALJ fully understood the medical evidence before him.  See Cutler v. Weinberger, 516 F.2d 1282, 1285 (2d Cir. 1975).  Such a record offers this Court no basis to find the substantial evidence necessary to uphold the ALJ's decision.  See Pratts v. Chater, 94 F.3d 34 (2d Cir. 1996).  The illegible medical evidence in this case is crucial to Plaintiff's claim, because the illegible treatment notes were written by Dr. Mgint, the only psychiatrist of record to examine and treat Plaintiff.

As a treating source, Dr. Mgint's medical opinion is entitled to significant weight.  See 20 C.F.R. § 404.1527(d); see also Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). Further, since Dr. Mgint's opinion as to Plaintiff's mental health is related to his area of expertise, Dr. Mgint's opinion is entitled to even more weight.  See 20 C.F.R. § 404.1527(d)(5); see also Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1994).

Though the ALJ ultimately determined that Plaintiff was not disabled, it is unclear to this Court how the ALJ reached that conclusion when he was unable to read the notes from the treating psychiatrist who otherwise opined that Plaintiff had a GAF of 45-50.

This Court finds that the ALJ was unable to demonstrate that the probative evidence submitted by Dr. Mgint was properly discredited, because the record contains illegible progress notes from Dr. Mgint that presumably provide further support for his opinion and may also discuss Plaintiff's prognosis.  Thus, legible copies of Dr. Mgint's treatment notes should have been consulted, because they would likely have shed some light on Plaintiff's condition.  Accordingly, the matter should be remanded in order for the ALJ to obtain legible copies of the treatment notes from Dr. Mgint, and to properly weigh all the evidence of record.

In addition, we note that on April 13, 2006, Plaintiff submitted new evidence to the Appeals Council that was not available at the time of the hearing in this matter. Importantly, this new evidence included a Medical Source Statement of Ability to Do Work-Related Activities (Mental) that was completed by Dr. Landes on January 16, 2006.[7]  (R. 203-205.) As it appears this Medical Source Statement was not available to the ALJ at the time of his January 21, 2006, decision in this matter, this document should also be considered on remand.[8]

---

[7] Although this document was dated January 16, 2006, and the ALJ's decision in this matter was dated January 21, 2006, it appears from the record that the Appeals Council first received this information on April 13, 2006, and made it part of the record on May 26, 2006.  (R. 7, 196-197.)

[8] This Medical Source Statement completed by Dr. Landes, Plaintiff's treating psychologist, shows several areas of functioning in which Dr. Landes found that Plaintiff had an "Extreme" restriction with regard to her ability

As noted *supra*, this Court "cannot conduct de novo review of the Commissioner's decision or re-weigh the evidence of record." Schwartz v. Halter, 134 F.Supp. 2d 640, 647 (E.D. Pa. 2001)(citing Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998)). Thus, where the ALJ has failed to adequately explain in the record his reasons for rejecting or discrediting competent evidence,[9] "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Schwartz, 134 F.Supp. at 648 (citing Cotter, 642 F.Supp. at 705). The Third Circuit has directed that "[w]here competent evidence supports a claimant's claims, the ALJ must explicitly weigh the evidence," Dobrowolsky, 606 F.2d at 407, see also Sykes v. Apfel, 228 F.3d 259, 266 (3d Cir. 2000), and explain a rejection of the evidence. See Schaudeck, 181 F.3d at 435 (citing Benton v. Bowen, 820 F.2d 85, 88 (3d Cir. 1987)).

> Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches

---

to work. A check mark next to "Extreme" on the Medical Source Statement coincides with "major limitation" with "no useful ability to function in this area." (R. 203-205.) Surely limitations this severe must be considered by the ALJ in determining whether Plaintiff is disabled.

[9] Competent evidence includes the opinion of a treating physician as to the nature and severity of the claimant's impairments. See 20 C.F.R. § 404.1527(a)(2).

>                     an abdication of the court's 'duty to
>                     scrutinize the record as a whole to determine
>                     whether the conclusions reached are
>                     rational.'

Id. That is, meaningful judicial review, of the ALJ's decision, is not possible where the ALJ has not sufficiently explained the weight given to all probative evidence, which necessarily includes the treating physician's assessment of claimant's limitations. See 20 C.F.R. §§ 404.1527(e), (a)(2). This Court may not presume to know why the ALJ rejected relevant portions of the medical record; judicial review is not meaningful when based on such presumptions. Woodcock v. Barnhart, 2003 WL 1949638, at *6(E.D. Pa. Apr 24, 2003). Therefore, the matter should be remanded to allow the ALJ an opportunity to specifically weigh the evidence and explain any rejection of competent evidence.

**VII.   CONCLUSION**

Because the ALJ's decision fails to demonstrate consideration of all relevant evidence, the matter should be remanded for further consideration and articulation as to the weight applied to the evidence. If the ALJ should determine that Plaintiff does not qualify for disability for her impairment or combination of impairments, the ALJ must articulate the weight applied to the evidence and the reasons for rejecting Plaintiff's

claim of disability.[10]  However, Plaintiff should remain cognizant that the ultimate burden of proving disability rests with her.  Therefore, I make the following:

---

[10]  The Third Circuit requires the ALJ to set forth the reasons for his decision.  Burnett v. Commissioner of Social Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000)(citing Cotter, 642 F.2d at 704-05).

**RECOMMENDATION**

AND NOW, this 20th day of September, 2007, it is RESPECTFULLY RECOMMENDED that the Plaintiff's Motion to Reverse or Remand should be GRANTED and this matter should be remanded for further proceedings.

BY THE COURT:

/s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT,
United States Magistrate Judge